UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM LEE DRUMBARGER #98676,    )
                                  )
          Plaintiff               )
                                  )        Case 3:11-0684
v.                                )        Judge Sharp/Brown
                                  )        **Jury Demand**
JIM CROSBY, *et al.*,             )
                                  )
          Defendants              )

## <u>O R D E R</u>

A Rule 16 case management conference was held in this matter on January 18, 2012.  The Plaintiff has filed a motion for appointment of counsel (Docket Entry 24) and the Defendants have responded (Docket Entry 44).

Plaintiff has requested the opportunity to respond with a reply.  Any reply should be filed on or before **February 9, 2012**.

The Defendants have filed a proposed scheduling order (Docket Entry 46).  The Magistrate Judge will at this point enter a scheduling order which will be subject to change should counsel be appointed.

In the event the Defendants file a Rule 12(b)(6) motion to dismiss for failure to state a cause of action the Plaintiff will have **28 days** within which to respond to any such motion.  The Defendants will have **seven days** for any reply, limited to **five pages**.

## SCHEDULING ORDER

## I.  GENERAL COURT RULES AND PROCEDURES

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing party or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date.  Any filing which does not comply with this requirement may be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings they send to the Court.  It is not the Court's responsibility to provide free copies of any documents to the parties.  If a party desires to obtain a copy of a document in the official court file, the party should contact the Clerk's office, with the docket entry number of the document if possible, about obtaining copies.  The cost of copying is .50¢ per page.

Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A plaintiff's failure to keep the Court informed of his current address may result in a recommendation that the action be dismissed for failure to prosecute and for failure to comply with the Court's order.

2

## II.  PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until **April 17, 2012**, to move to amend the pleadings.

### Discovery

All discovery shall be completed by **August 30, 2012**.  By this, the Court means that all written discovery should be served far enough before the discovery completion date, *i.e.,* at least **30 days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline.  For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is sent as an attachment to a discovery motion.  A Court order is not required for a party to engage in discovery and discovery in an action is

3

not stayed upon the filing of any motion unless specifically ordered by the Court.

## Discovery Motions

All discovery motions must be filed by **August 30, 2012**. All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 37.01 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure.

## Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **October 1, 2012**. Plaintiff is forewarned that dispositive motions must be responded to within **28 days** unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01. Any replies, limited to **five days**, are due **seven days** after a response.

If dispositive motions are filed earlier, the response and reply dates for that motion shall be moved up accordingly.

4

## Other Motions

Any other motions (other than *in limine* or related to trial matters) must be filed by **October 1, 2012.**

A jury demand has been made so there will be no final evidentiary hearing before the Magistrate Judge.

The Magistrate Judge will request a trial date from the District Judge at a later date.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

5