UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM LEE DRUMBARGER #98676 ) ) Plaintiff, ) ) v. ) ) JIM CROSBY, *et al.*, ) ) Defendants. ) | Civil No. 3:11-CV-0684 Judge Sharp |

## ORDER

Plaintiff William Lee Drumbarger, an inmate at Northwest Correctional Complex, brings this complaint against the Tennessee Department of Corrections, Tennessee Board of Probation and Parole, a number of their administrators and board members, and a health care parent corporation and subsidiary that provide forensic mental health services to state and local government agencies. Plaintiff's Amended Complaint alleges Defendants violated his rights to due process and equal protection under the Fourteenth Amendment, and conspired to deny parole to him and other sex offenders. (Docket No. 58, ¶¶ 72-87)

In January 1982, Mr. Drumbarger was convicted of five counts of aggravated rape and one count of aggravated sexual battery. He was sentenced to five concurrent life sentences and an additional concurrent sentence of thirty-five years. He first became eligible for parole in January 2004 and, since then, has been denied parole three times.

Magistrate Judge Brown issued a Report and Recommendation ("R & R") (Docket No. 95) that sets out the facts and procedural history of this case thoroughly and recommends that: 1)

1

the Motion to Dismiss filed by Defendants MHM Services, Inc. ("MHM") and Forensic Health Services, Inc. ("FHS") (Docket No. 69) be GRANTED; 2) the Motion for Summary Judgment filed by the remaining named Defendants (Docket No. 73) be GRANTED; 3) Plaintiff's claims against Defendants John Doe #1, #2, #3 be DISMISSED *sua sponte* for failure to state a claim on which relief may be granted; 4) Plaintiff's Complaint be DISMISSED WITH PREJUDICE in its entirety for failure to state a claim on which relief may be granted as provided for under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and 5) any appeal NOT be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

In accordance with Rule 72 of the Federal Rules of Procedure, the Magistrate Judge, and subsequently this Court, conducted a close examination of the Parties' filings and the accompanying evidence. The Court has also considered Plaintiff's "Motion for De Novo Determination by the District Judge and Objections to the Magistrate Judge's Report and Recommendation" filed within fourteen days of being served with a copy of the R & R pursuant to Federal Rule of Civil Procedure 72(b). As set forth in more detail below, the Court agrees with the conclusions of the Magistrate Judge and will therefore accept and approve the R & R.

## I. Defendants MHM and FHS' Motion to Dismiss

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's claims against MHM and FHS are barred by the statute of limitations and their Motion to Dismiss (Docket No. 69) should be granted. The statute of limitations on Plaintiff's § 1983 claim began to run in September 2009, when he was evaluated by Dr. Rutledge and, he contends, was informed both that MHM instructed its psychologists not to use the "certified" language of the relevant statute, and that this language was required for parole. (Docket No. 95 at 7-8). The Court agrees this "would have alerted the typical lay person that he had a cause of action." (Id. at 8). And indeed,

2

the record indicates Plaintiff was aware of a potential cause of action at this time. His alleged complaints to Officer Elder following his evaluation indicate as much, (Docket No. 58 at 10), as does the letter sent by his friend Jackie Payne to Parole Board Chairman Charles Traughber in October 2009. (Docket No. 58-9).

The statute of limitations was tolled while Plaintiff exhausted his administrative remedies, as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a). As measured by the R & R, "[t]aking [Plaintiff's] statements about exhausting his administrative remedies as true … it is apparent from the record that he exhausted those remedies on July 19, 2010. Therefore, the statute of limitations clock would have begun to tick the following day on July 20, 2010, and the one-year limitations period would have run on July 19, 2011." (Docket No. 95 at 9-10). The original complaint did not name either MHM or FHS as Defendants. They were not added until Plaintiff filed his amended complaint on June 22, 2012, which was "three hundred fifty-seven (357) days after the statute of limitations had run." (Id. at 10).

The Magistrate Judge then looked to Rule 15(c) of the Federal Rules of Civil Procedure to see if the Amended Complaint "relate[d] back" to the original complaint, and found it did not. (Id. at 10-11). The R & R concluded nothing in the record "even remotely hints that MHM and/or FHS were aware of the plaintiff's lawsuit until process was served on MHM on June 26, 2012." (Docket 95 at 11). Thus, "MHM and FHS were not on notice within the prescribed limitations period" and "the doctrine of relation back [does] not save the plaintiff's claims." (Docket No. 95 at 11).

Plaintiff argues the R & R "ignored the possible constructive and/or imputed notice to these defendants and further failed to take into account the fact that Drumbarger filed the initial complaint without the assistance of counsel." (Docket No. 97 at 4). The Court is unconvinced.

While the pleadings and filings of pro se plaintiffs are construed liberally, even a "sympathetic reading" of Plaintiff's complaint cannot overcome the statute of limitations obstacle. Boswell v. Mayer, 169 F.3d 384, 388 (6th Cir. 1999). Furthermore, Plaintiff has offered no more than bare assertions for MHM and FHS' connection to his claims. To survive Defendants' Motion to Dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff's Amended Complaint has failed to do so.

## II. Remaining Defendants' Motion for Summary Judgment

The Court agrees with the conclusions of the Magistrate Judge that Plaintiff fails to show Defendants deprived him of a right "secured by the Constitution or the laws of the United States," a required element of a § 1983 claim. Green v. Throckmorton, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing Waters v. City of Morristown, Tenn., 242 F.3d 353, 358-59 (6th Cir. 2001)).

Because there is no constitutional right to parole, "a liberty interest in parole eligibility derives only from state law." (Docket no. 95 at 13). The Magistrate Judge concluded that, under Tennessee state law, parole is "a privilege and not a right" and therefore Plaintiff had no liberty interest in parole. See Tenn. Code Ann. § 40-28-117(a). Plaintiff counters that the Court should look to "the specific statute governing the parole release of inmates convicted of a sex offense," which states in relevant part:

> No person convicted of a sex crime shall be released on parole unless a psychiatrist or licensed psychologist designated as a health service provider has examined and evaluated the inmate and certified that, to a reasonable medical certainty, the inmate does not pose the likelihood of committing sexual assaults upon release from confinement.

Tenn. Code Ann. § 40-35-503(c).

4

Plaintiff likens the "'shall/unless language'" in the statute quoted above to the Nebraska statute at issue in Greenholtz v. Inmates of Neb. Penal and Corr. Complex. 442 U.S. 1 (1979). There, the Supreme Court found the "expectancy of release provided" based on the language of the statute "is entitled to some measure of constitutional protection." Id. at 12. The Court emphasized that "this statute has unique structure and language and thus whether any other state statute provides a protectable entitlement must be decided on a case-by-case basis." Id. The requisite level of constitutional protection was satisfied by the Nebraska parole board's procedures, which afforded inmates the right to be heard and, when parole was denied, stated the reasons why. Id. at 15-16.

Plaintiff's argument does not conform to clear controlling precedent. When considering similar claims by convicted sex offenders, the Sixth Circuit has been content to look to § 40-28-117(a) and has concluded that "Tennessee law does not create a liberty interest in parole eligibility." Preston v. Bradley, 1997 WL 594986 at *1 (6th Cir. Sept. 25, 1997); see also Hurt v. Traughber, 1998 WL 384622 at *2 (6th Cir. June 19, 1998); Taylor v. Sexton, 2012 WL 3842562 (M.D. Tenn. Sept. 5, 2012). The fact that the Sixth Circuit does not look to § 40-35-503(c), and interpret it separately to carry an expectation of release, makes sense. It is hard to imagine the Tennessee legislature would create an exception to the general rule and give sex offenders a right to parole that it does not afford to other inmates.

Moreover, even if the Court were to look to § 40-35-503(c) rather than § 40-28-117(a), Plaintiff would still have no liberty interest in parole. Unlike the Nebraska statute in Greenholtz, which commanded inmates "shall" be released "unless" any of four specific criteria are met, the statutory language in § 40-35-503(c) merely sets forth one (of many) requirements that must be considered to release a sex offender. See Hurt, 1998 WL 384622 at *1 (explaining that a

5

psychological evaluation does not give the plaintiff, a convicted sex offender, "an automatic entitlement to release."). Thus, state law makes a psychiatric evaluation a necessary, but not sufficient, condition for release.

Because Plaintiff has no liberty interest in parole under Tennessee law, he necessarily fails to show that Defendants, while acting under color of state law, deprived him of a constitutionally protected right or privilege and his claims under § 1983 fail as a matter of law.

### III. Conclusion

Having conducted a *de novo* review of the record in this case and the applicable law as required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court accepts the Magistrate Judge's R & R. Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket No. 95) is hereby ACCEPTED and APPROVED, and Plaintiff's "Motion for De Novo Determination by the District Judge and Objections to the Magistrate Judge's Report and Recommendation" (Docket No. 96) is REJECTED;

(2) Defendants MHM and FHS' Motion to Dismiss (Docket No. 69) is hereby GRANTED;

(3) Remaining Defendants' Motion for Summary Judgment (Docket No. 73) is hereby GRANTED;

(4) Plaintiff's claims against Defendants John Doe #1, #2, and #3 are hereby DISMISSED *sua sponte* for failure to state a claim on which relief may be granted;

(5) Plaintiff's Amended Complaint (Docket No. 58) is hereby DISMISSED WITH PREJUDICE in its entirety for failure to state a claim on which relief may be granted; and

(6) Any appeal is hereby NOT certified as taken in good faith.

The Clerk of the Court shall enter Final Judgment in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE